## PICKETT *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

1. In an action against a railroad company by a passenger for an injury received by him while alighting from a train at a place a short distance from the depot or station, evidence tending to show a custom of alighting from trains at such place, with the knowledge or consent of the carrier, is admissible.
2. Where, in an action to recover on account of a personal injury, it is sought to recover damages on account of loss of time, physician's bills incurred, pain and suffering, and permanent impairment of capacity to labor and earn money, the charge should not confuse the methods for estimating the different elements of damages, or be so shaped as to lead the jury to conclude that there can be no recovery if the injury to the plaintiff is not permanent.
3. There was no error in charging to the effect that if the injured person and the company were equally negligent in the transaction, there could be no recovery.

MAY 16, 1912.

Action for damages. Before Judge Gilbert. Marion superior court. January 10, 1911.

J. M. Pickett brought suit against the Central of Georgia Railway Company, to recover damages for a personal injury. He claimed that while he was alighting from a train of the defendant the engineer caused it to move forward suddenly and without warning, throwing him down and injuring him. The place where the injury occurred was not immediately at the station which was his point of destination, but at a point a short distance before reaching it, and where the train, which was composed of freight-cars and passenger-cars, stopped to shift a freight-car on to a siding. The plaintiff testified, "I thought it had stopped for me to get off. . . I have got off there a thousand times." And again, "They had been in the habit of stopping for people to get off right where I got off at." The conductor testified, "The rule is to call station when you stop at a station. We did not call it when we stopped

12

at the switch, because we did not stop there for passengers to get off." The jury found for the defendant. The plaintiff moved for a new trial on the following among other grounds:

(1)    Because the court refused to allow a witness for the plaintiff to answer the question, "What is the custom of stopping that train there, when there is a long freight-train, for passengers to get off?" The jury were caused to retire, and the witness stated that he would testify as follows: "I got off there going this way very frequently, and going from Columbus also. There is a very heavy grade from Kinchafoonee creek, about a mile and a half above there to this place, just about all they can pull; and almost invariably the conductor requests, if they have got any freight to set or any cars, they request when they stop there that the passengers get off. Now when there is no freight to stop there, they pull up till the passenger-car gets up even with the station or by the road. There is a road crossing just west of there just right at it. If the engine has got to stop there to leave any freight-car or any freight, I don't think I ever came in my life but that the conductor requested that we get off down near that little trestle. The grade is so heavy, if they have to leave a car or reduce freight and then pull up to stop for passengers to get off, it would make a considerable delay, because the grade coming this way is so heavy. When they go the other way it is a down grade. I don't think I ever got off at the station in my life, when they left any freight there, but what the conductors would request us to get off down there; and that is right close to a little trestle just beyond the station from here, and it was their custom, whenever they had freight to put off, to let them get off down there." The court rejected this evidence.

(2)    Because the court charged as follows: "The plaintiff in this case claims general damages for pain and suffering and for injuries alleged to have [been] done him by the defendant. General damages are such that the law presumes to flow from any tortious acts, and may be recovered without proof of any amount. Damages are given as compensation for injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances be slight [?], nominal damages only are given. There is no fixed rule by which the jury must be governed in estimating damages for personal injuries, permanent injuries, nor

pain and suffering. The amount of such general damages is for the enlightened conscience of an impartial jury. You must determine, of course, first, whether there has been any permanent injuries, or general damages. You must determine whether or not there has been any pain and suffering; and in order to determine that, you must look to the evidence and see what was done, and you must draw your conclusions from the facts established by the evidence. If you find that there has been no such damage, then the rules of law that I have given you would apply, and if there has been none such, there can be no recovery; in other words, if no injury has been done, no permanent injury has occurred, then no damage could be awarded to the plaintiff."

(3) Because the court charged as follows: "Gentlemen, if both parties were equally negligent, then the plaintiff can not recover, and you would have to find a verdict for the defendant in the case. In other words, where both parties are negligent, in order for the plaintiff to recover at all, the defendant company, the railroad company, must be guilty of greater negligence than the plaintiff."

The motion was overruled, and the plaintiff excepted.

*J. J. Dunham* and *W. D. Crawford,* for plaintiff.

*C. E. Battle* and *Howell Hollis,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1. If an act is obviously negligent, it can not be justified by proof of a custom to do it. Where the quality of the act as to negligence or diligence is not clear, there is more reason for admitting evidence of custom as throwing light on the subject. It is not necessary here to discuss fully the cases in which it has been held that proof of a custom is admissible, and those in which it has been held to be inadmissible. Confining our consideration to cases like the one in hand, or closely analogous thereto, it is generally held that evidence tending to show a custom or habit of alighting from trains elsewhere than at a depot, with the knowledge or consent of the carrier, is admissible, in an action by a passenger for injuries received while so alighting. Pennsylvania Co. v. McCaffrey, 173 Ill. 169 (6) (50 N. E. 713); Chicago City Ry. Co. v. Lowitz, 218 Ill. 24 (75 N. E. 755); Keating v. New York Central R. Co. 49 N. Y. 673; McGee v. Missouri Pacific Ry. Co., 92 Mo. 208 (4 S. W. 739, 1 Am. St. R. 706); Baltimore & Ohio R. Co.

*v.* Kane, 69 Md. 11, 22 (13 Atl. 387, 9 Am. St. R. 387); Mc-Donald *v.* Chicago & Northwestern R. Co., 26 Iowa, 139, 142; Nicholson *v.* Lancastershire & Yorkshire Ry. Co., 3 Hurl. & Colt. (Exch.) 534. The fact that the witness, who offered to testify as to the custom of stopping at a place a short distance from the station and permitting passengers to alight there, also stated that the conductor requested them to do so, did not render the evidence inadmissible. It tended to show that the company not only stopped its train at that point, when there was shifting to be done, and permitted passengers, with its knowledge, to alight there, but that its conductor asked that they do so. That the conductor did not make such a request on the occasion when the plaintiff was injured did not render the evidence inadmissible as tending to show the existence of the custom and the knowledge of it and acquiescence in it on the part of the company's conductors.

In *Auld* v. *Southern Ry. Co.,* 136 *Ga.* 266 (71 S. E. 426), a similar principle to that now being considered was involved. A passenger brought suit against a carrier on account of an injury caused by being precipitated from a moving train while crossing from one coach to another. It was held that testimony of a known usage or custom of passengers to cross from coach to coach was competent evidence, not to justify or excuse the passenger from attempting to cross when it would be obviously hazardous to do so, but as illustrating the character and nature of the act as bearing on the passenger's alleged contributory negligence in crossing. The difference between evidence of this character and such as was offered in *Metropolitan Street R. Co.* v. *Johnson,* 91 *Ga.* 466 (18 S. E. 816), is patent. There a woman was injured in consequence of the running of a dummy engine against her while she was endeavoring to cross a street in front of a train. It was sought to prove what was the usual custom of pedestrians when they undertook to cross a street on which cars drawn by dummy engines were passing; and such evidence was held not to be admissible. So in *Mayfield* v. *Savannah &c. R. Co.,* 87 *Ga.* 374 (13 S. E. 459), it was held that evidence of a custom or usage obviously dangerous, and so shown to be in the plaintiff's petition, was not admissible to excuse contributory negligence by the plaintiff. It was added that this was especially true where it did not appear that such

custom or usage had been adopted by the defendant company, or that it prevailed at the place or on the particular road concerned.

2. Exception was taken to the portion of the charge on the subject of damages and their measure. Such charge did not clearly state the rules of law in reference to the measure of damages recoverable. It was especially inaccurate in its closing sentence, where it was said: "If you find that there has been no such damage, then. the rules of law that I have given you would apply, and if there has been none such, there can be no recovery; in other words, if no injury has been done, no permanent injury has occurred, then no damage could be awarded to the plaintiff." This was calculated to lead the jury to believe that the plaintiff was entitled to no recovery unless he had received permanent injuries.

3. It has been held, that, in a suit against a railroad company by a person who has received an injury from the operation of one of its trains, if the injured person and the company were equally negligent in the transaction, there can be no recovery. *Willingham* v. *Macon & Birmingham Ry. Co.*, 113 *Ga.* 374 (38 S. E. 843); *Brunswick & Western Railroad Co.* v. *Wiggins,* Id. 842 (39 S. E. 551, 61 L. R. A. 513); *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.* 204 (8), 209 (58 S. E. 769). The giving of a charge to this effect was therefore not error.

*Judgment reversed. All the Justices concur.*