9866, 9867. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* SWIFT & COMPANY; and *vice versa.*

JENKINS, J. 1. Where one of two or more joint tort-feasors has been sued for and compelled to satisfy damages arising from a jointly tortious transaction, he can not, as a general rule, maintain an action either for contribution or indemnity over against those connected with him in the tort; but if the liability of the tort-feasor in the original suit arises merely from negative acts of omission on his part, such as a failure in his duty to inspect, and the proximate cause of the injury, so far as the joint tort-feasors are concerned, lay in active, positive acts of negligence on the part of the other tort-feasor, in which the original defendant did not in any way participate, then an exception to the general rule would exist. *Central Ry. Co.* v. *Macon Ry. &c. Co.* 140 *Ga.* 309 (78 S, E. 931).

2. A railroad company brought suit for indemnification against a company operating an oil-mill, to recover the amount of a judgment paid by the railroad company for the homicide of one of its own employees, whose death was occasioned by the operation of its train of cars along a private track maintained by it to the oil-mill, and under a dangerously low shed maintained by the oil-mill company over said track at the oil-mill. The allegations of negligence set out against the railroad company in the tenth and also in the eleventh paragraphs of the original suit, such as were not disproved by it in the present proceeding, were to the effect that at the time of the homicide the railroad company had full and actual knowledge that the shed was so dangerously low as to constitute a menace to its operatives; that, notwithstanding such knowledge, it failed in its duty to warn the decedent of his peril, and proceeded to operate its train under said shed on a dark and rainy night without having in any way provided lights "to indicate the presence of the shed," so that the decedent might have avoided the peril to which he was unknowingly exposed by the operation of said cars. The case was tried by agreement before the judge of the superior court without a jury, and judgment was rendered for the defendant. *Held:*

'(a) Under the facts of the case, the general rule above stated, rather than the exception indicated, would have application. The act of the railroad company in thus voluntarily operating its train along said private track and under said shed, and in such undisproved negligent manner, did not amount to mere legal, passive acquiescence in the negligence

of the oil-mill company in maintaining the shed in a dangerous condition, but such active, positive, and negligent conduct on the part of the railroad company itself amounted to an actual participation by it in the proximate cause of the homicide.

(*b*) It is unnecessary to decide the question raised by the cross-bill of exceptions.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 29, 1919. REHEARING DENIED FEBRUARY 11, 1919.

Action for damages; from Fulton superior court—Judge Bell. May 3, 1918.

*Little, Powell, Smith & Goldstein,* for plaintiff.

*Smith, Hammond & Smith,* for defendants.