10849. SOUTHERN EXPRESS CO. *v.* CUMMINGS.

SMITH, J. 1. The petition set out a cause of action, and the court properly overruled the demurrer interposed thereto.

2. Under the facts developed in this case, which was a suit for personal injuries, the principle of law, that if both the plaintiff and the defendant were equally negligent in causing the injury there can be no recovery (*Pickett* v. *Central Railway Co.,* 138 *Ga.* 177, 181, and cit., 74

S. E. 1027, Ann. Cas. 1913 C, 1380), was germane, and the trial judge erred in refusing to give the timely requested instruction embodying this legal doctrine, which was couched in appropriate form and language, and was not covered by his charge to the jury.

3. The other assignments of error contained in the amendment to the motion for a new trial are without substantial merit, as the written requests to charge set out therein are sufficiently covered by the general charge of the court.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 11, 1920.

Action for damages; from city court of Richmond county — Judge Black. July 30, 1919.

The petition of Cummings against the Southern Express Company alleged, in substance: On September 19, 1917, the plaintiff was in the employ of the Union Station Company in the City of Augusta, as truckman for unloading baggage from incoming trains and loading baggage on outgoing trains. Shortly before 5 o'clock on that day he and a coemployee of the Union Station Company, named Jim Berry, took out a truck and put it in the proper and usual position on the cement platform in the said station, between the tracks, in order to remove the baggage from train No. 4 of the Georgia Railroad, due to arrive about that time. While waiting for the train he took his seat, as usual and customary, on his truck, the truck being so placed as to allow ample space for the passage of any other truck on the cement pavement between the tracks; and while so seated on his truck, in the line of his business and duty, his leg was badly injured and cut by the defendant's truck, which was being pulled along the said cement pavement by a man employed as truckman by the defendant and at the time engaged directly in the defendant's business. This truckman (whose name is unknown to the plaintiff) was a new hand at such work, and was pulling his truck and not looking behind to see how close he was coming to the truck on which the plaintiff was sitting, and negligently ran the wheel of his truck against the plaintiff's leg while the plaintiff was seated on the platform of his own truck. The plaintiff did not have opportunity or time to remove his leg after seeing the imminent danger of being struck by the wheel of the defendant's truck, and had no reason to suppose that the defendant's truckman would run his truck so close to the truck on which the plaintiff was

sitting as to strike the plaintiff's leg, inasmuch as there was ample passageway for the defendant's truck if the defendant's truckman had noticed what he was doing. The plaintiff's leg was badly cut and injured, and by reason of the injury he was unable to work for several weeks, and suffered intense pain. The injury was caused without negligence on his part, and by the negligence of the defendant's employee. It was negligence on the part of the said employee to pull his truck so close to the truck on which the plaintiff was sitting, the plaintiff's position on the truck being in full view of the defendant's truckman; and it was negligence on the part of the defendant's truckman to come hurriedly down the said cement platform between the tracks, pulling his truck, without looking back to see that the truck should not come in contact with the plaintiff's truck, which was standing still, with the plaintiff seated on it. By reason of the injury the plaintiff has been damaged in the sum of $500, for which he prays judgment.

The defendant demurred on the grounds: (1) No cause of action is set out in the petition. (2) No act of the defendant or its employees was the proximate cause of the injury. (3) It appears that the plaintiff's own act was the proximate cause of the injury. (4) The plaintiff's failure to exercise due care for his own safety, commensurate with the circumstances, was alone responsible for the injury. The court overruled the demurrer. The trial resulted in a verdict for the plaintiff, the defendant's motion for a new trial was overruled, and the movant excepted.

*William K. Miller,* for plaintiff in error.

*William H. Fleming,* contra.