*Tye, Thomson & Tye, Paul S. Etheridge & Son*, for defendants.

20632. GEORGIA POWER COMPANY *v.* BANNING COTTON MILLS, for use, etc.

JENKINS, P. J. 1. While it is the general rule that one of two or more joint tort-feasors has no right of action over against those connected with him in the tort, for either contribution or indemnity, where he alone has been compelled to satisfy the damages resulting from the tort,

still where the owner of premises has been held liable to a person impliedly invited thereon, for injuries sustained by reason of the owner's failure to exercise due care to discover a defect or danger existing at the place to which such person was impliedly invited, the owner may have a right to recover over against another, whose active negligence produced or brought about the dangerous condition and proximately caused the injury. Such a cause of action is sustainable only on the theory that the proximate cause of the injury for which the owner of the premises has already been mulcted in damages was the positive wrongful act and negligence of a third person, in which the owner did not participate and was not a mere joint tort-feasor in the sense that he had been guilty with the third person of the same or like negligence which resulted in the injury. *Central of Ga. Ry. Co.* v. *Macon Ry. &c. Co.*, 140 *Ga.* 309, 311, 318 (78 S. E. 931).

2. In this case the petition seeking indemnity alleged that the injuries for which the plaintiff in the former action recovered (in which action the instant defendant was joined as a defendant and was granted a nonsuit as to itself) were proximately caused solely by the negligence of the instant defendant in failing to keep in repair and maintain, as it was its duty to do under a contract with the present plaintiff, an electrical substation and transformers for the furnishing of electrical current to the present plaintiff at its cotton mills. While it was alleged that the appliances were originally defectively installed, and that the substation and transformers, after installation, became the property of the owner of the premises, it was further alleged that the present defendant contracted and undertook to keep the appliance in repair, and that on the day before the occurence in question the present defendant, through its employees, undertook to remedy a condition of the appliances which had resulted in electrical sparks being emitted therefrom, and had removed the lightning arresters from the substation and transformers, which act caused electricity to escape into the ground, charging the premises of the owner with electricity and resulting in the death of the third person who had come on plaintiff's premises by reason of an implied invitation from it. It was further alleged that the present plaintiff was held liable in the former action on account of the death of the third person solely by reason of its failure to exercise ordinary care to keep its premises and approaches safe for such persons as had an implied invitation from it to enter thereon. Under the ruling made in *Central of Ga. Ry. Co.* v. *Macon Ry. &c. Co.*, supra, the petition set forth a cause of action good as against general demurrer. The ruling here made is not in conflict with the ruling in *Central of Georgia Ry. Co.* v. *Swift*, 23 *Ga. App.* 346 (2) (98 S. E. 256), since in that case the plaintiff seeking contribution from another person whose negligence had created the dangerous condition was itself guilty of active negligence in operating its train over a private track with knowledge of the danger incident thereto, while in the instant case the petition alleges in substance that the plaintiff was not experienced in the handling of electrical appliances and electricity, and relied upon the defendant to maintain safely the equipment upon its premises, and that the plaintiff's negligence consisted merely in a failure to exercise the care due to its invitee

to discover the dangerous condition brought about by the defendant's negligence.

3. While it has been held that a plaintiff nonsuited as to one of two joint defendants can not have that judgment reviewed on exceptions taken after having elected to proceed with the trial of the case against the remaining defendant, since, by acquiescing in the judgment of partial nonsuit and electing to proceed against the remaining defendant, he will be held to have abandoned the joint action (*Vandiver* v. *Ga. Ry. & Power Co.*, 38 *Ga. App.* 59, 143 S. E. 455), still, in a case such as the instant one, the entering of a judgment of nonsuit as to one of two joint defendants adjudicates only that the plaintiff has failed to prove his case as laid against the defendant in whose favor the nonsuit is granted (*Kelly* v. *Strouse*, 116 *Ga.* 872 (4), 882, 43 S. E. 280), and does not amount to an adjudication that no cause of action existed against that defendant, or, in a case of a suit for personal injuries, that the defendant in whose favor the nonsuit was granted was in fact not guilty of negligence proximately causing the injury. Consequently, in the instant case the judgment of nonsuit entered in the former action in favor of the instant defendant would not bar a recovery by the plaintiff in the present case.

4. Under the foregoing rulings, the court did not err in overruling the demurrer. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 16, 1931.

674

676

 

*Boykin & Boykin, Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error.

*Harry L. Greene, H. H. Tisinger, Willis Smith,* contra.