20560, 20610.   ROME RAILWAY AND LIGHT COMPANY *v.* SOUTHERN RAILWAY COMPANY; and *vice versa.*

DECIDED FEBRUARY 19, 1931.

*Dean & Camp, Barry Wright,* for plaintiff in error.
*Maddox, Matthews & Owens,* contra.

BELL, J.  Southern Railway Company, hereinafter called the railroad company or plaintiff, and Rome Railway and Light Company, hereinafter called the street-railway company or defendant, entered into a contract fixing the terms and conditions upon which the tracks of the latter might be laid across the tracks of the former in the city of Rome.  One of the stipulations was that the

street-railway company would "make and enforce a rule, binding upon all of its employees, to the extent that all cars of [this] company when approaching said crossing, in either direction, shall be brought to a full stop at least thirty feet from the crossing, and before any such car shall be moved over the crossing the conductor in charge thereof shall precede the car over the crossing, ascertain that the way is clear, the motorman operating the car accordingly." Another provision was that "in the event that it shall become necessary at any time hereafter to install and operate an interlocking plant at said crossing, for the protection thereof, or to station a crossing watchman thereat, or in the event that such protection for said crossing shall be required by any competent municipal or governmental authority, then and in such event [the railroad company and the street railway company] shall, if an interlocking plant is found to be necessary, construct at their joint expense, and thereafter jointly maintain and operate, such standard interlocking plant and signal apparatus as may be reasonably necessary to protect said crossing, and if the services of a watchman or watchmen are required, he or they shall be appointed by the concurrent choice, and his or their salaries or wages fixed by the mutual agreement of both parties hereto; each party hereto carry upon its pay-rolls and pay one half of the salary or wages of such employee or employees."

In the course of time there was a collision at such crossing between cars of the two companies, and several persons, including the motorman of the street-railway company, were injured. The companies, desiring "to avoid litigation with said motorman and passengers for the personal injuries so received," and not agreeing "as to their responsibility for the damages occurring in said collision, each claiming that the other should answer for said damages," made a further agreement providing that the street-railway company, with the assistance of the agent of the railroad company, would endeavor "to make the best settlements possible with claimants," subject to the approval of the attorneys for the railroad company, this company to "furnish one half of the money needed in making settlements aforesaid." It was further agreed that within a reasonable time the companies would "adjust as between themselves the liability arising as aforesaid," this adjustment to be made "by agreement, by arbitration, by suit in court, or such other way as the parties . . agree on"; provided that "if no settle-

ment is made, either party shall have a right to bring suit against the other." It was stipulated that neither party would "claim any advantage of the other under the doctrine that there is no contribution between tort-feasors, and that a settlement by one is a settlement in behalf of both, but the liability shall be established one against the other as though no settlement had been made by either party."

Settlements were made with various claimants, and the companies amicably adjusted the liability as between themselves, except that when they reached the question of settling the claim of the motorman who was in charge of the street-car at the time of the collision, the street-railway company, his employer, denied all liability and refused to participate in any settlement of this claim. But it was then agreed, by way of amendment to the previous contract relating to settlements, that the railroad company was at liberty to settle the claim of the motorman at $5,000, with the right to call upon the street-railway company for such portion of the liability, if any, as ought to be borne by this company, the same to be determined in the final settlement between the companies, "however arrived at."

Some other matters might be mentioned in this connection, but in our view of the case it is enough to say that the railroad company thereafter sued the street-railway company for the amount of $5,000 which it had paid in settlement of the motorman's claim, asserting that under the law and the facts, including the contracts in question, the liability was one to be borne solely and entirely by the street-railway company. The trial resulted in a verdict in favor of the plaintiff for $2,500. Both parties moved for a new trial, and both motions were overruled; whereupon each of the parties sued out a bill of exceptions to this court. The attorneys for the railroad company have indicated in their brief, however, that the bill of exceptions brought by this company should be treated as a cross-bill, subject to the general rule that the cross-bill will be dismissed upon affirmance of the judgment excepted to in the main bill, where the case is not again to be tried in the court below. Civil Code (1910), § 6139.

The motion for a new trial filed by the street railway company contained the usual general grounds and two special grounds complaining of errors in the charge of the court.

1. As will be hereinafter more fully shown, the plaintiff railroad company claimed the right to recover mainly because the street-railway company had not observed the agreement requiring that the street-cars should be brought to a full stop before approaching the crossing, and that before any car should be moved over the crossing the conductor should precede the car to ascertain that the way was clear. One of the contentions of the defendant was that this provision of the contract was no longer of force, because the city of Rome had passed an ordinance requiring that a watchman should be stationed at the crossing. This contention was based upon the fact that the contract contained a further provision (as quoted in the above statement) to the effect that if it should become necessary at any time to place a watchman at the crossing, or "in the event that such precaution for said crossing shall be required by any competent municipal or governmental authority," such watchman should be jointly appointed by the parties, each paying one half of his salary. Error is assigned upon the following charge of the court as disagreeing with this contention: "They [the street-railway company] say that the contract which the Southern Railway Company sets up and claims to be breached, in that the conductor did not precede the car across the crossing, that that has no binding effect on them for the reason that there was another clause in the contract in which it is set forth that should the city of Rome, or the governing authorities, decide that a watchman should be placed at the crossing, that the watchman should be named by each party, and that each party should pay one half of his salary, and for that reason this provision of the contract was substituted or abrogated at [the time of the collision] by the provisions of an ordinance of the city of Rome requiring such watchman at the crossing. I charge you that such section or provision of the contract would not abrogate or substitute the section as set out in the petition of the plaintiff in this case, on the date [of the collision]; that that part of the contract was binding upon both parties in this case, and under the evidence in this case there was a breach of contract in that the defendant company did fail to comply with the provisions of the contract."

The court did not err in the construction placed upon the contract. The defendant raises in this court no question as to the existence of a valid consideration for the contract, and, assuming

the validity of the agreement in this respect, the railroad company had the right to exact the reasonable precaution that the conductor should precede the street-car as it crossed the tracks of the railroad company, in addition to the stationing of a watchman either by voluntary action of the parties or in obedience to an ordinance of the municipal authorities. Each clause of the contract appears to have been inserted independently of the other, in so far as the respective precautions were concerned. Both provisions were plain and unambiguous as respects the matter here under consideration, and it was the duty of the court to construe the contract and declare its meaning to the jury. Civil Code (1910), § 4265; *Empire Mills Co.* v. *Burrell Engineering Co.*, 18 *Ga. App.* 253 (89 S. E. 530).

2. The defendant street-railway company contended that the plaintiff railroad company was negligent in various particulars in the manner in which its train approached the crossing, and that such negligence was the proximate cause of the injury to the motorman of the street-railway company. For this reason, it was insisted that the plaintiff was not entitled to an apportionment of the liability. There was evidence of negligence on the part of the plaintiff railroad company, as alleged by the defendant company.

At the time of the collision the street-railway company was using "one-man" street cars, and the motorman was both motorman and conductor, and the evidence established, without dispute, that the motorman failed to observe the contractual undertaking on the part of his employer requiring that before any car "shall be moved over the crossing, the conductor in charge thereof shall precede the car over the crossing, ascertain that the way is clear, the motormen operating the car accordingly." As a matter of fact the motorman alone could not have made a full compliance with such provision of the contract, since it appears that two men were required for this purpose. But a further defense was made by the street-railway company, namely, that the motorman had assumed the risk of the collision in which he was injured, and that all the acts charged against the defendant company were committed by and through him as its agent; and that because he himself could not have recovered against his employer, the street-railway company, there was no liability over by this company to the plaintiff railroad company. In view of these facts, considered together with

the original contract fixing the terms upon which the tracks of the defendant might be laid across the tracks of the plaintiff, the court instructed the jury as follows: "I charge you that if you find that the breach of the contract and the negligence of the plaintiff [railroad] company, that neither was the proximate cause of the injury, but that both equally preponderated in causing the accident and the resultant injury, if you find that to be true, then the Southern Railway Company would be entitled to recover $2,500, together with interest at the rate of seven per cent. per annum from the date you find the $5,000 was paid to [the injured person] . . If, on the other hand, you find that the breach of the contract of one equalled the negligence of the other, then, as stated, it would be your duty to find a verdict in favor of the plaintiff for the principal sum of $2,500, with interest at the rate of seven per cent. per annum from the date it became due."

The assignment of error upon this excerpt was that "under the circumstances or status of the proof stated by the court, the court should have charged the jury that neither party was entitled to recover, because as plaintiff contends, if both parties equally contributed to the injury, neither party would be entitled to recover, or if the default of each party was equal, neither party would be entitled to recover, or if the default of each party was equal, neither party would be entitled to recover, or if the proximate cause of the injury was due to the default of each party, then neither party would be entitled to recover."

There is no merit in this exception. The agreement between the parties as to precautions to be exercised by the street-railway company in connection with the moving of its cars across the tracks of the railroad company amounted to a "ground rule," to be observed as between the parties, the violation of which should be considered with the other facts and circumstances in determining as between themselves the proximate cause of any injury to person or property by reason of a collision of their respective cars at such crossing. In case of injury to the property of *either of these parties,* if the violation of the contract by the street-railway company, on the one hand, and negligence of the railroad company, on the other, constituted causes which contributed equally to the injury, it would follow as a matter of law that neither would be entitled to a recovery against the other for the damage it sustained. But where the *injury was*

*sustained by some other person,* the plaintiff and the defendant being equally liable therefor, should contribute in a like proportion toward the satisfaction of the damage; and where one of the parties paid the entire amount, this party would be entitled to recover of the other one half of the sum thus expended in the discharge of their joint and equal liability. We do not here speak of contribution between joint tort-feasors, the parties having agreed that neither would claim any advantage of the other upon the ground "that there is no contribution between tort-feasors."

A further assignment upon the excerpt quoted above renders necessary an addition to the statement of facts, to wit: The defendant pleaded a set-off against the plaintiff because of damage to its street-car in the sum of $3,400, and introduced evidence in support of this claim. Upon the basis of these facts, the charge was excepted to upon the ground "that even if the principle of law as given by the court was correct, which [the defendant] denies, yet the application to the facts of this case was erroneously stated, because in case it was sought to enforce an equal contribution, the damage sustained by the defendant in the destruction of its street car should have been taken into consideration by the court as fully as the damage sustained by the plaintiff, in the payment to the injured person, . . so that the evidence clearly showed that the damage sustained by the defendant in the destruction of its street-car was about $3,400. The damage suffered by the plaintiff in the payment of the full amount to [the injured person] was about $5,000, so that in case an equal contribution was required, the $3,400 should have been deducted from the $5,000, leaving a balance of $1,600, and the plaintiff would thereupon [have] been entitled to one half of this amount, which would have been $800, with interest." What we have said above will apply also to this contention; but to repeat: If the wrongful or negligent acts of the plaintiff and the defendant, respectively, contributed equally toward the damage to the street-car which was the property of the defendant, this party could have no recovery against the other for the damage thereby sustained. The charge of the court was not erroneous upon any ground taken. See, in this connection, Civil Code (1910), § 4588; *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E. 935) ; *Pickett* v. *Central of Georgia Ry. Co.,* 138 *Ga.* 177 (3) (74 S. E. 1027, Ann. Cas. 1913C, 1380) ; *Massee & Felton Lumber*

*Co.* v. *Ga. & F. Ry.,* 143 *Ga.* 173 (84 S. E. 468); *McArthor* v. *Mc-Gilvray,* 1 *Ga. App.* 643 (57 S. E. 1058); *McArthor* v. *Ogletree,* 4 *Ga. App.* 429 (61 S. E. 859); *Raleigh &c. R. Co.* v. *Western & Atlantic R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586); *Central of Ga. Ry. Co.* v. *Macon Ry. & Light Co.,* 9 *Ga. App.* 628 (71 S. E. 1076); *Central of Georgia Ry. Co.* v. *Swift,* 23 *Ga. App.* 346 (2) (98 S. E. 256); *Georgia Ry. & Power Co.* v. *Banning Cotton Mills,* 42 *Ga. App.* 671 (157 S. E. 525).

These authorities are cited, not as controlling, but merely as tending in some degree to illustrate the matter for determination.

3. The fact that the motorman might not have been entitled to damages from his employer, the street-railway company, does not reach the question as to the liability as between the plaintiff and the defendant. If the motorman had been suing the street-railway company, his right to recover would have been determined by the general law and the ordinances of the city of Rome; but in adjusting the rights and liabilities of the two companies now at issue, a further and very material element enters into the equation, namely, the contract heretofore so often referred to. The question of whether the violation of this contract by the defendant or the negligence of the plaintiff was the proximate cause of the damage, was one to be determined by the jury, under proper instructions from the court. There is no merit in the contention that the contract was illegal, as an attempt to excuse the railroad company of negligence, or to relieve it of the duty to exercise ordinary care at the crossing. The agreement did not purport to do either of these things.

The evidence authorized the verdict for the plaintiff, and there was no error in refusing the motion for a new trial filed by the street-railway company.

*Judgment affirmed on the main bill of exceptions, cross-bill of exceptions dismissed. Jenkins, P. J., and Stephens, J., concur.*