26007. GEORGE A. HORMEL & Co., for use, etc., *v.* GENERAL MOTORS TRUCK Co.

SUTTON, J. 1. It is the general rule that where one of two or more joint tort-feasors has been compelled to satisfy damages arising from a joint tortious transaction, he can not maintain an action for indemnification against those joining with him in the tort; but if the liability of the tort-feasor who has been compelled to pay the damages arises merely from negative acts or omission on his part, such as failing in his duty to inspect, and the proximate cause of the injury, with respect to the joint tort-feasors, consists in active, positive acts of negligence on the part of the other tort-feasor, in which the one compelled to pay the damages did not participate, in such case an exception to the general rule would exist. *Central of Georgia Ry. Co.* v. *Macon Ry. &c., Co.,* 140 *Ga.* 309 (78 S. E. 931); *Central of Georgia Ry. Co.* v. *Swift,* 23 *Ga. App.* 346 (98 S. E. 256).

2. In the present case, construing the petition most strongly against the plaintiff, as must be done on demurrer, it is shown that the plaintiff, notwithstanding the truck driven by the plaintiff's agent was in a dangerous and unsafe condition as a result of attempted repairs being done by a third party in a negligent and improper manner, not merely failed to exercise due diligence by inspecting the same after the truck had been delivered to the plaintiff, but operated the same on a public highway with resulting damage to another. It is clear that such active, positive, and negligent conduct on the part of the plaintiff, if not itself the sole proximate cause of the damage, amounted to an actual participation in the proximate cause thereof, and that the general rule, and not the exception, applies as to the right of indemnification over against the defendant tort-feasor. The case is controlled by *Central*

*of Georgia Ry. Co.* v. *Swift,* supra.    The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed.    Stephens, P. J., and Felton, J., concur.*

DECIDED MARCH 11, 1937.

479

*Evins, Quillian & Evins,* for plaintiff.
*James A. Branch, Thomas B. Branch Jr.,* for defendant.