## 29942. ADVANCED REFRIGERATION INC. *v.* UNITED MOTORS SERVICE INC.

DECIDED JULY 10, 1943. REHEARING DENIED JULY 30, 1943.

*Powell, Goldstein, Frazer & Murphy* and *James K. Rankin,* for plaintiff.

*Neely, Marshall & Greene,* for defendant.

MacIntyre, J. The sole question presented here is whether the petition as amended stated a cause of action on either of its counts. This is a case where, according to the allegations of the petition, the original liability was imposed upon the plaintiff because of the negligence of an independent contractor, the defendant, whom the plaintiff had employed to do a particularly specialized repair job upon an electric motor in a frigidaire of third parties, who had employed the plaintiff to service and repair their frigidaires. The plaintiff upon the complaint of the third parties, removed the electric motor from the frigidaire and employed the defendant to repair the same. The motor was entirely enclosed in a metal casing, and the plaintiff removed the motor from the frigidaire and turned the casing and the motor enclosed therein over to the defendant to repair without tampering with it in anyway. When the defendant brought the motor back to the plaintiff, the plaintiff merely reinstalled it in the frigidaire, and on account of defective repairing

by the defendant, in less than thirty-six hours thereafter a fire originated in the electric motor and spread throughout the kitchen causing the damage sued for.

If the defendant itself, as the representative of the plaintiff, had detached the motor from the frigidaire and then when it had been purportedly repaired, re-installed the same, we think the case would have come clearly under that of *Central of Georgia Railway Co.* v. *Macon Railway & Light Co.,* supra, where the Supreme Court said: "While it may be true that as a general rule one of two or more joint tort-feasors has no right of action over against those connected with him in the tort, for either contribution or indemnity, where he alone has been compelled to pay the damages resulting from the tort, yet in some cases one who is liable as a tort-feasor because he has failed to exercise due care to discover a defect or danger in machinery, appliances, or place where the injured person is required to work, and has been compelled to pay damages for injuries growing out of the tort, may have a right to recover over against another whose negligence produced or brought about the defect or dangerous condition in the machinery, appliances, or place, which defect was the proximate cause of the injury."

The mere fact that the plaintiff removed the motor from the frigidaire and delivered it to the defendant to be repaired, and after the defendant had allegedly repaired the same, re-installed it in the frigidaire, where the petition alleges that the defective repairing of the motor was the sole cause of the fire, would not take it without the rule stated in *Central of Georgia Railway Co.* v. *Macon Railway & Light Co.,* supra; for on demurrer, we must accept the allegations of the petition as true. And so accepting the same we must assume that no act of the plaintiff had anything to do with any negligence in repairing the motor and that the plaintiff did not participate in any active negligence which produced the injury; its only negligence, if any, being failure to inspect it. While it is the general rule that one of two or more joint tort-feasors has no right of action over against the ones connected with him in the tort for either contribution or indemnity, where he alone has been compelled to satisfy the damages resulting from the tort, yet if it should appear from the petition that the negligence, which resulted in the injury for which the plaintiff was held liable in the first instance, did not consist of positive and creative acts

upon the part of the plaintiff in the present case, but merely grew out of a failure to inspect, and that the wrongful act, bringing about the unsafe condition from which the injury resulted, was the positive and creative act of the defendant in repairing the motor, there would be a final and ultimate liability of the defendant; and the courts make a difference between negligence consisting in omission or failure to make proper inspection, and negligence in the performance of positive and creative acts, as where one creates or maintains the unsafe or dangerous act causing the injury. We think the following language is applicable in the instant case: "The case should be tried and the plaintiff be permitted to show, if it can, by competent evidence, that the proximate cause of the injury to the plaintiff's employee, for which it has already been mulcted in damages, was the result of positive wrongful acts and negligence upon the part of the defendant in the instant case, and that the plaintiff had not participated in these wrongful acts and was not a mere joint tort-feasor in the sense that it had been guilty with the defendant of the same or like negligence which resulted in causing the . . . injuries." *Central of Georgia Railway Co., v. Macon Railway & Light Co.,* supra.

The cause of action is sustainable on the theory that the proximate cause of the injury, for which the plaintiff has already been mulcted in damages, was the positive wrongful act and negligence of the defendant, in which the plaintiff did not participate, and was not a mere joint tort-feasor in the sense that he had been guilty with the defendant of the same or like negligence, which resulted in the injury to a third person. *Georgia Power Co.* v. *Banning Cotton Mills,* 42 *Ga. App.* 671, 672 (157 S. E. 525). The instant case is controlled by *Central of Georgia Railway Co.* v. *Macon Railway & Light Co.,* supra, and *Georgia Power Co.* v. *Banning Cotton Mills,* supra. See, also *George A. Hormel & Co.* v. *General Motors Truck Co.,* 55 *Ga. App.* 476 (190 S. E. 415). The court erred in sustaining the general demurrer to each count, and to the petition as a whole.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MACINTYRE, J. One of the statements in the motion for rehearing is: "We most respectfully insist and contend that since the judge of the lower court thought the *Hormel* decision controlling,

and since we relied chiefly, if not entirely, upon the *Hormel* decision to sustain the judgment of the lower court, that we are entitled to have this Court point out wherein there is a distinction or difference between this case and the *Hormel* case. We earnestly contend that there is no distinction or difference between the legal situation in the *Hormel* case and in this case." This court thinks there is a *marked* distinction between the *Hormel* case and the instant case. In the *Hormel* case, in the statement of facts by the Court it is said: "The plaintiff, in recognition of its liability by reason of its failure to exercise due diligence in the inspection and operation of the truck [which it claimed the defendant had defectively repaired], paid on demand," the sum for which it was suing the defendant. To illustrate: suppose in the *Hormel* case, after the defendant had repaired the truck, the plaintiff had immediately placed it in its garage and there kept it for thirty-six hours and had then and there sold and delivered it to a third party or had rented it to an independent contractor and had fully parted with possession and the right of possession, and the third party had operated it upon the public highway and an accident had occurred similar to the one referred to in that case, could it be said that the plaintiff in the *Hormel* case was guilty of active positive negligence relative to such an accident? We think not.

In the instant case there is no allegation in the petition that the plaintiff was operating the frigidaire when the injury occurred, or that the plaintiff had anything to do with the operation of the frigidaire at that time. The allegation is, that "it reinstalled said motor in the frigidaire at the home of said Kantors and that in less than thirty-six hours thereafter a fire originated in said frigidaire, located in the kitchen of the home of said Kantors as aforesaid, the fire having its origin in the electric motor and the fire damaging the property of the third party."

If, on the trial of the case, the burden is imposed upon the plaintiff by the pleadings and the evidence to show that it was not guilty of negligence in the installation of the part in question, or in the operation of the frigidaire, and he fails to do so, a different question would arise from the one now presented. Thus we think that the distinction between the two cases is that in the instant case the plaintiff alleges in effect that it was not operating the frigidaire, and had nothing to do with its operation at the time the frigidaire

caused the injury in question, and that its *sole* negligence was a failure to inspect; while in the *Hormel* case, the plaintiff alleged that it was operating the truck and that it was liable and paid off the liability "by reason of its failure to exercise due diligence in the inspection and operation of the truck."

This and all other matters in the motion have been considered, and a

*Rehearing is denied.  Broyles, C. J.; and Gardner, J., concur.*