**VAUGHN v. GUENTHER (CARROLL et al., Third-Party Defendants).**

**Civ. A. No. 3270.**

District Court, N. D. Georgia, Atlanta Division.

May 11, 1948.

Coogler & Kemp, of Jonesboro, Ga., for plaintiff.

Bryan, Carter & Ansley, of Atlanta, Ga., for defendant and third-party plaintiff.

Gambrell Harlan & White, of Atlanta, Ga., for third-party defendants.

RUSSELL, District Judge.

Considering the circumstances of the case as alleged, both in the complaint of the original plaintiff and in the proposed third-party complaint of the original defendant, it appears that the original defendant and the proposed third-party defendant are joint tort-feasors so far as the plaintiff is concerned.

In such circumstances, under the law of Georgia, "as a general rule one of two or more joint tort-feasors has no right of action over against those connected with him in the tort for either contribution or indemnity where he alone has been compelled to satisfy the damages resulting from the tort." Central of Georgia Ry. Co. v. Macon Ry. & Light Co., 140 Ga. 309, 311, 78 S.E. 931, 932; Central of Georgia. Ry. Co. v. Swift & Co., 23 Ga.App. 346(1),

98 S.E. 256; Georgia Power Co. v. Banning Cotton Mills, 42 Ga.App. 671, 157 S.E. 525; George A. Hormel Co. v. General Motors Truck Co., 55 Ga.App. 476, 190 S.E. 415. See also Edison v. Maddox, 195 Ga. 641, 24 S.E.2d 895. There are exceptions to the general rule, (see Central of Georgia Ry. Company, Georgia Power Company cases, supra, and Advanced Refrigeration, Inc., v. United Motors Service, Inc., 69 Ga.App. 783, 790, 26 S.E.2d 789), but the present case is not within the exception. Therefore, under the law of Georgia, the proposed third party defendant is not liable in an independent suit to the original defendant "for all or part of the plaintiff's claim against him," as provided by Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. What can not be done under Georgia law by independent suit, cannot be done under Rule 14(a), supra without giving effect to such Rule as a change of substantive, not procedural, law of Georgia. The Rule neither expresses, nor implies, any intent to do so.

■ Under the law of Georgia, "if judgment is entered jointly against several trespassers, and is paid off by one, the other shall be liable to him for contribution." Georgia Code, § 105-2012. This section evidences a change of the common law and establishes the right of contribution between joint tort-feasors who are jointly sued. However, this provision provides "for the right of contribution only among those who are sued, and against whom judgment has been rendered. * * * The right of contribution among joint tort-feasors is absolutely dependent upon the right of election which the law gives the plaintiff. It exists among those whom he elects to sue jointly, and does not exist as to those whom he fails to join as defendants to the suit. Under no other construction could the right of contribution and the right of election harmonize, and both are equally the law of this state." Mashburn & Company v. Dannenberg Company, 117 Ga. 567, 583, 44 S.E. 97, 104, quoted in part in Southern Railway Company v. City of Rome, 179 Ga. 449, 452, 176 S.E. 7, 9, holding, with reference to the Mashburn case: "That decision clearly pointed out

that, where a plaintiff elects to sue two or more joint tort-feasors, and a joint verdict and judgment are rendered against them, the Code makes provision for contribution, but that no such right exists as against a joint tort-feasor who is not a party to the suit and against whom no judgment is taken."

It is stated in Wilson v. Ray, 64 Ga.App. 540, 543, 13 S.E.2d 848, 850, "Even where the concurrent negligence of each operator of the two automobiles combining together directly results in an injury, the injured person can sue one alone or he can sue both. He can pick out whomever he pleases to sue who is liable for the accident. He has his choice. Each operator becomes liable for the whole, even though one may have contributed in a greater degree to the injury, exactly as if he were solely responsible. For the proximate cause of such injury they are jointly and severally liable." This succinct statement of the law of Georgia by Judge McIntyre clearly points the distinction to be observed in the application of Rule 14(a) of the Rules of Civil Procedure to actions governed by Georgia law and those controlled by the laws of states having different provisions with reference to the liability of joint tort-feasors among themselves. As illustrative of the difference, see Gray v. Hartford Accident & Indemnity Company, D. C., 32 F.Supp. 335, 337.

■ A tender of, or attempt by the original defendant to bring in, a joint tort-feasor, does not require the acceptance of such party by the plaintiff, (see cases cited in note to Rule 14, Advisory Committee Report on Proposed Rules of Civil Procedure, 5 F.R.D. 447), and as in this case the plaintiff has expressly disclaimed any intention to proceed against the proposed third-party defendant, there exists under the substantive law of Georgia no way by which final judgment jointly against the original and the third-party defendant can be secured. Rule 14(a), supra, being procedural only, can not be employed to secure such a joint judgment as would result in the right of contribution upon its payment by the original defendant. See Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, dealing with a similar provision un-

der the New York State Law. See also, Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481.

It follows that the motion of the third-party defendants to dismiss the third-party complaint should be, and the same hereby is, granted, and the third-party defendants, Cecil Carroll and Freddie L. Snell, dismissed from this cause.