45074. PEACOCK CONSTRUCTION COMPANY v. MONTGOMERY ELEVATOR COMPANY et al.

ARGUED FEBRUARY 3, 1970—DECIDED APRIL 7, 1970— REHEARING DENIED APRIL 29, 1970—

712

*Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., David A. Handley,* for appellant.

*Swift, Currie, McGhee & Hiers, William W. Horton, Greene, Buckley, DeRieux & Jones, Burt DeRieux, James A. Eichelberger,* for appellees.

JORDAN, Presiding Judge. 1. Negligence as the proximate cause of the injuries, which Chambers alleged in his petition as that of Peacock and Elevator Maintenance, is as follows: "(a) In failing to provide sufficient lighting at or near the said elevator shaft; (b) In failing to erect signs giving warning of the open unguarded elevator shaft; (c) In failing to rope off or place barriers or barricades at the entrance to the said open and dimly lit elevator shaft; (d) In removing the elevator or elevators from the first-floor level without taking proper precautionary measures to protect petitioner and others lawfully upon the premises from the dangerous condition thereby created; (e) In failing to warn petitioner of the latent danger created by the open, unguarded and dimly lit elevator shaft of which he had no knowledge and of which both defendants knew."

From the record before this court in support of the consent verdict and judgment we consider it impossible to determine, as a matter of law, which alleged acts of negligence are to be regarded as the proximate cause of the plaintiff's injuries, or whether this negligence is directly attributable to Peacock, or

attributable jointly to Peacock and Elevator Maintenance, or a combination of the negative conduct of Peacock and the positive conduct of Elevator Maintenance. The verdict and judgment merely represent a conclusive determination that Peacock was negligent in some manner alleged in violation of its responsibility as the occupier of premises to its invitee. See *Chambers v. Peacock Constr. Co.*, 115 Ga. App. 670, supra.

2. Inasmuch as the fall here involved occurred on December 3, 1964, the statutory right to enforce contribution among tortfeasors "just as if they had been jointly sued" (Ga. L. 1966, p. 433; *Code Ann.* § 105-2012 (1)) is not applicable. *F. H. Ross & Co. v. White*, 224 Ga. 324 (2) (161 SE2d 857). But even before this enactment it was well recognized, as an exception to the general rule, that an action over lies where the liability of the tortfeasor compelled to pay damages is passive, consisting only of negative acts or omissions, e.g., in failing in his duty to inspect or discover a defective condition, and where the proximate cause of the injury, with respect to another tortfeasor, is active, consisting of positive acts of negligence. *Central of Ga. R. Co. v. Macon R. &c. Co.*, 140 Ga. 309 (78 SE 931); *Ga. Power Co. v. Banning Cotton Mills*, 42 Ga. App. 671 (157 SE 525); *Advanced Refrigeration, Inc. v. United Motors Service Inc.*, 69 Ga. App. 783 (26 SE2d 789). In this respect we think the record as a whole shows there is a genuine issue of fact for jury resolution to determine whether the negligence of Peacock was passive only or whether it actively created in any manner the situation leading to the plaintiff's injury. If its negligence is found to be passive only and that the injury was due to a positive act or acts on the part of Elevator Maintenance, the plaintiff would be entitled to recover. Otherwise, it could not recover.

3. Although Elevator Maintenance was actually engaged in the installation work, in so doing it was engaged in performing a contract between Peacock and the Montgomery Elevator Company. This agreement provides that "(a) Subcontractor [Montgomery Elevator Company] shall indemnify contractor [Peacock Construction Company] against all claims for damages arising from accidents to persons or property occasioned by the

subcontractor, his agents or employees; and subcontractor shall defend all suits brought against the contractor on account of any such accidents and shall reimburse contractor for any expense including reasonable attorney's fees sustained by contractor by reason of such accidents."

Regardless of the exact legal nature of the relationship between Montgomery and Elevator Maintenance, be it principal-agent, master-servant, or independent contractor, there is nothing in the record to disclose that Peacock, in recognizing Elevator Maintenance as the actual elevator installer, in any way relieved Montgomery of its contractual obligation, and the excerpt quoted above, in imposing on Montgomery the duty of indemnifying Peacock for "damages arising from accident to persons or property occasioned by the subcontractor, his agents or employees," clearly protects Peacock by indemnification for torts directly attributable to persons engaged in performing Montgomery's contract. In brief, should it be determined that Elevator Maintenance is at fault, this liability is also one to be imposed on Montgomery by reason of its contractual obligation to indemnify Peacock.

While it was determined in *Batson-Cook Co. v. Ga. Marble Setting Co.*, 112 Ga. App. 226 (144 SE2d 547) that the contractual indemnity provisions there involved did not protect the indemnitee from his own negligence, as is also true of the contract here involved, that case differs from the present case in that the negligence of the indemnitee was alleged to be the sole cause of the injuries, and there was no issue as to the negligence of the indemnitor or one standing in the shoes of the indemnitor. The plaintiff's petition in this case alleges acts of negligence on the part of the general contractor and the subcontractor, or the one actually performing the work of the subcontractor.

4. There being unresolved issues for jury resolution concerning the liability of the third-party defendants, and nothing appearing to show conclusively that these defendants, or either one of them, is entitled to judgment as a matter of law, the trial court erred in sustaining the motions for summary judgment.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*