## 52769. GEORGIA KRAFT COMPANY v. LEE et al.

STOLZ, Judge.

Appellee The Canteen Company (hereinafter Canteen) runs a cafeteria at the appellant's mill in Rome. The food service contract specifies that Canteen will indemnify the appellant against loss "caused by Canteen's negligent acts or omissions or the negligent acts or omissions of Canteen's agents or employees." Appellee Lee was an employee of Canteen at the appellant's mill. While outside of the food services area and passing through the mill on her way home from work on June 9, 1975, Mrs. Lee slipped in a puddle of machine oil. She later sued both the appellant and Canteen, for injuries resulting from her fall. The appellant cross claimed against Canteen for indemnity if the appellant should be found negligent.

Summary judgment was granted in favor of Canteen, thus releasing it from liability in this suit. The appellant appeals from the trial court's ruling that Canteen is not required to indemnify the appellant should the appellant be found liable to Mrs. Lee. *Held:*

All of the appellant's enumerations of error deal with an alleged ambiguity in the above quoted portion of the indemnity contract. The appellant claims that that portion of the contract is vague and ambiguous and that there existed questions of fact as to the meaning of the contract, thus precluding summary judgment. The appellant correctly notes that Canteen must indemnify the appellant if it is sued for negligent acts of Canteen's employees. However, the appellant suggests that such language is ambiguous and could be construed to require Canteen to indemnify the appellant for damage resulting from *the appellant's* negligence if one of Canteen's employees was contributorily negligent to any extent.

The appellant's argument is without merit. The contract of indemnity is neither vague nor ambiguous, and must be ruled on as a matter of law. Code § 20-701; *Warrior Constructors, Inc. v. E. C. Ernst Co.*, 127 Ga. App. 839 (195 SE2d 261) (1973). The indemnity agreement applies only to Canteen's negligence or the negligence of its employees while acting within the scope of their

employment. It could not be construed in such a manner as to indemnify the appellant for its own negligence. The fact that Canteen's employee, Mrs. Lee, was contributorily negligent in failing to exercise ordinary care for her own safety, does not change the rule. See Drewery v. Daspit Bros. Marine Divers, Inc., 317 F2d 425 (5th Cir. 1963); Barrus v. Wilkinson, 16 Utah 2d 204 (398 P2d 207) (1965).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted October 6, 1976 — Decided November 8, 1976.

*Rogers, Magruder & Hoyt, Wade C. Hoyt, III,* for appellant.

*Smith, Shaw, Maddox, Davidson & Graham, William E. Davidson, Jr., James S. Kilpatrick,* for appellees.