### 53386. BINSWANGER GLASS COMPANY, INC. v. BEERS CONSTRUCTION COMPANY et al.

SHULMAN, Judge.

The questions presented in this appeal from an order granting partial summary judgment are (1) whether a subcontract provision incorporated an indemnity provision in the general contract or whether an express reference to the indemnity provision is required for incorporation, and (2) if incorporated, whether the subcontractor was contractually liable to indemnify the general contractor.

We affirm the judgment, as modified.

A workman in the employ of the appellant-subcontractor, Binswanger Glass Company, fell to his death when a spot welded pipe to which his hanging stage was secured broke. A wrongful death action was brought against the appellee-general contractor, Beers Construction Company, alleging negligence in construction, erection and maintenance of the building and pipe support in question. Appellee-general contractor alleged that the subcontractor was liable under a subcontract article which provided that the subcontractor was to "Be bound to the Contractor by the terms of the Contract Documents and this Agreement, and to assume toward the Contractor all the obligations and responsibilities that the Contractor, by those documents, assumes toward the Owner, as applicable to this

Subcontract." Specifically, it was maintained that the subcontractor was bound by a provision in the general contract whereby the contractor agreed to indemnify the owner.[1] The contractor also alleged that the subcontractor was negligent in failing to comply with certain OSHA safety regulations and other acts.

In granting partial summary judgment for appellee, it was held that the subcontract provision incorporated the general indemnity provision and that if the negligence of the subcontractor, its employees and/or agents acting in the scope of employment resulted in injury, the subcontractor was contractually liable to indemnify the general contractor even if such injury was caused in part by the negligence of the general contractor, its employees and/or agents acting within the scope of their employment.

1. The trial court was correct in determining that the issue here is one of law. Construction of written contracts, even if they are ambiguous, is a matter of law for the court and no jury question arises unless after application of applicable rules of construction the ambiguity remains. *Ga. Kraft Co. v. Lee,* 140 Ga. App. 360 (231 SE2d 132); Code Ann. § 20-701.

2. We hold that the subcontract clause was sufficient

---

[1] Article 4.18.1 of the General Conditions provides as follows: "The Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder."

to incorporate the general contract indemnity provision. As a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose where, as here, the provision to which reference is made has a reasonably clear and ascertainable meaning. See Markley v. Beagle, 59 Cal. Rptr. 809 (429 P2d 129) citing Goldman v. Ecco-Phoenix Electric Corp., 41 Cal. Rptr. 73 (396 P2d 377) (incorporation of indemnity clause by reference is effective; an indemnity clause phrased in general terms will not provide indemnity from the indemnitee's own actively negligent acts). See generally, 4 Williston on Contracts, 3d Ed. 133-150, §§ 581-583 (1961).

3. Since we hold that the incorporation was effective it becomes necessary to determine the effect of the indemnity provision as incorporated. Appellant concedes that if the indemnity clause is incorporated, it is sufficient to require indemnification. We agree.

It is the well-established rule that contracts of express indemnity are construed strictly and absent plain, clear and unequivocal language will not be interpreted to indemnify against acts attributable to the indemnitee's own negligence. *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547); *Seaboard C. L. R. Co. v. Freight Delivery Service, Inc.,* 133 Ga. App. 92 (210 SE2d 42). See also Code Ann. § 20-504 (declaring certain covenants, agreements or understandings purporting to indemnify or hold harmless the promisee's sole acts of negligence against public policy and void).

Under the clear and unequivocal standard the language in the indemnity clause is sufficient to require indemnification.

In *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711 (175 SE2d 116), this court held that a subcontractor was bound to indemnify the contractor notwithstanding the contractor's negligence. The indemnity clause therein provided that the "Subcontractor shall indemnify the contractor against all claims for damages arising from accidents to persons or property occasioned by the subcontractor, his agents or employees..." Id. p. 713.

In *Benson Paint Co. v. Williams Const. Co.*, 128 Ga. App. 47 (195 SE2d 671), this court held that a general contractor would be entitled to indemnity under a contract providing that the "Sub-contractor hereby agrees to indemnify contractor against, and to hold contractor harmless from any and all liability, claims, demands, or judgments or settlements for damages from negligence or wilful conduct of the sub-contractor, his agents, servants or employees arising from the performance of the work..." Id. p. 48.

The court held the indemnity provision applicable to a situation where the general contractor's negligence in conjunction with negligence of the subcontractor combined to cause injuries.

In *Ga. Ports Authority v. Central of Ga. R. Co.*, 135 Ga. App. 859 (219 SE2d 467), this court held that an indemnity clause was sufficient to require indemnification. There the passive negligence of the railway company concurred with the active negligence of its indemnitor and resulted in injury to a railway employee. The indemnity clause provided that the indemnitor would " 'indemnify and save harmless the Railway from and against *any and all claims,* demands suits, or judgments for sums of money, *to any person,* corporation, firm or individual, accruing for loss of life, or injury or damage *to person* or property resulting from negligence or other causes'." Id. p. 864.

4. In the case at bar we can see nothing in the indemnity provision as incorporated which would require indemnification for the contractor's own negligence unless the negligence of the subcontractor concurred with the contractor's. The indemnity provision as incorporated is sufficient to require indemnification where concurrent negligence exists.

5. In a supplemental brief appellant challenges the grant of the motion for partial summary judgment because the order would require indemnification if "plaintiff's decedent's death resulted in whole or in part from the negligence of (plaintiff's decedent)." Error is urged in that contributory negligence of an injured employee cannot be imputed to the employer and thereby make the employer liable in contractual indemnity for

injuries sustained by that employee absent clear and unequivocal language.

Although this argument was not raised in the trial court, this does not preclude its being raised on appeal. It is not a prerequisite for review of the enumerated errors, that plaintiff object to or make an issue of these errors at the trial below, when the alleged errors are asserted as reasons why the trial court should not have granted defendant's motion for summary judgment. Rule 56 (h) CPA (Code Ann. § 81A-156(h)). *Southern Protective Products Co. v. Leasing International, Inc.,* 134 Ga. App. 945, 946 (216 SE2d 725).

6. Insofar as the order would require the appellant to indemnify where the only negligence shown is contributory negligence on the part of appellant's employee, it is erroneous. If only contributory negligence on the part of the employee, Jimmy Paul Metcalf, is shown and no showing is made that the employer is negligent in any other way, then the contract may not be construed in such a manner as to indemnify the appellee for its own acts of negligence. *Ga. Kraft Co. v. Lee,* supra.

The judgment below granting partial summary judgment is affirmed insofar as it would require indemnification where the negligence of the appellant-subcontractor, its employees and/or agents resulted in injury notwithstanding negligence on the part of appellee-general contractor, its employees and/or agents. The order is modified so as not to require indemnification where only contributory negligence on the part of appellant's employee is shown and no other showing of negligence on appellant's part is made.

*Judgment affirmed as modified. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED MARCH 14, 1977 — REHEARING DENIED MARCH 30, 1977 —

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, Drake E. Chandler,* for appellant.

*Johnson, Harper, Ward & Stanfield, Cullen M.*

*Ward, William C. Lanham, Henning, Chambers & Mabry, Walter B. McClelland, Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., Clay Bush, Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Savell, Williams, Cox & Angel, Edward L. Savell,* for appellees.