57648. COAXUM et al. v. GRAHAM et al.

Shulman, Judge.

Walter Graham, a passenger in a taxicab which collided with another car, brought an action to recover for personal injuries against Thomas Coaxum, the driver of the taxi; Savannah Cab Company; and Verden Daniels, the driver of the car involved in the collision. We granted an application for interlocutory review to consider the

denial of appellants Coaxum and Savannah Cab Company's motion to strike appellee-Daniels' 6th defense and his 7th defense and cross claim. On appeal, we reverse in part and affirm in part.

1. We agree with appellants' contention that the court erred in denying the motion to strike appellee-Daniels' 6th defense.

Daniels' 6th defense provides: "Defendant Daniels further shows the Court that Savannah Cab Company and Thomas Coaxum have admitted liability to Defendant Verden Daniels to this accident, and they have paid for any damages suffered by Defendant Verden Daniels." A settlement compromise taken by Savannah Cab Company's liability insurance carrier, wherein Daniels agreed to release Savannah Cab Company from property claims arising from the collision, forms the basis for this appellee's 6th defense. As this release would not have been admissible at trial, this appellee's 6th defense should have been stricken on motion. *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (7) (170 SE2d 339); *Leidy v. Gould,* 37 Ga. App. 410 (4) (140 SE 400).

We are not persuaded that the release may be admissible against the taxicab driver as an admission of liability by silence. See Code Ann. § 38-409. The release expressly denies liability on the part of Savannah Cab Company; states by its terms that it would not be admissible in any suit for bodily and personal injuries in accordance with Code Ann. § 105-1301a et seq.; and makes no reference whatsoever to co-defendant Coaxum.

2. In his 7th defense and cross claim, Daniels sought indemnification from appellants in the event of a verdict adverse to Daniels. This defense read as follows: "Defendant Verden Daniels shows the Court that should a verdict be returned against him in favor of the Plaintiffs that the Defendants Thomas Coaxum and Savannah Cab Company should be held responsible and indemnify Defendant Verden Daniels for any verdict so rendered." Apparently, appellants do not take issue with the trial court's holding that the release executed by Daniels would not preclude Daniels from asserting a cross claim against appellants for the amount of the injured passenger's alleged damages. Rather, appellants argue

that their motion to strike appellee-Daniels' 7th defense and cross claim should have been sustained because there is no right to indemnity among joint tortfeasors. Appellants' argument is not well taken.

A cross claim seeking indemnity from an alleged tortfeasor is procedurally permissible. See in this regard *Gamble v. Reeves Transp. Co.*, 126 Ga. App. 161 (190 SE2d 95); *Independent Mfg. Co. v. Automotive Products, Inc.*, 141 Ga. App. 518 (1) (233 SE2d 874). Accordingly, the denial of the motion to strike appellee-Daniels' 7th defense and cross claim is not subject to reversal for the reason assigned.

*Judgment reversed in part; affirmed in part. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 11, 1979 — DECIDED SEPTEMBER 4, 1979.

*Kathleen Horne, Richard A. Rominger,* for appellants.

*Steven E. Scheer, Charles C. Brooks, James F. Becton,* for appellees.