### 58916. COLEMAN v. CLARK et al.

CARLEY, Judge.

Mrs. Clark brought suit against Doris Coleman and Colt Industries Operating Corporation for injuries sustained when she was shot in the back after a .25 caliber pistol fell from Mrs. Coleman's pocketbook onto a restaurant floor and discharged. Mrs. Coleman filed a cross claim against Colt seeking indemnity from Colt for any award of damages found against her alleging that the pistol was defectively designed because it would fire when it was in an uncocked position and that the instructions furnished with the pistol failed to contain proper safety instructions. The main action and the cross claim were bifurcated at trial. The jury awarded Mrs. Clark $225,000 and her husband $5,000 against both Mrs. Coleman and Colt. After the jury verdict was entered, Colt and Mrs. Coleman each moved for a directed verdict on the cross claim filed by Mrs. Coleman. The court granted Colt's motion, denied Mrs. Coleman's motion and ordered that a verdict on the cross claim be entered against Mrs. Coleman.

1. In her first enumeration of error, Mrs. Coleman contends

that the trial court erred in ruling that a cross claim was not the proper vehicle for asserting a claim for indemnity against a co-defendant. "A cross claim seeking indemnity from an alleged tortfeasor is procedurally permissible." *Coaxum v. Graham,* 151 Ga. App. 75, 77 (258 SE2d 740) (1979); *U. S. Shoe Corp. v. Jones,* 149 Ga. App. 595 (255 SE2d 73) (1979). A third-party complaint is served only "upon a person not a party to the action ... " Code Ann. § 81A-114 (a). Colt was a defendant in the main case and, therefore, the trial court erred in deciding that Mrs. Coleman had to proceed by third-party complaint in order to seek indemnity.

2. Although the trial court ruled that Mrs. Coleman's cross claim did not properly raise the questions of indemnity, he nevertheless proceeded to rule on the merits of the motions pertaining to the cross claim. Mrs. Coleman enumerates as error the denial of her motion for directed verdict and the grant of Colt's motion. The transcript reveals that the basis of the trial court's grant of Colt's motion for directed verdict was the trial court's belief that the jury, by its verdict against Mrs. Coleman, necessarily found Mrs. Coleman to be negligent and that such negligence precluded Mrs. Coleman from seeking indemnity. While it is true that the jury's verdict indicates that Mrs. Coleman was negligent vis-a-vis the plaintiff, that verdict did not and could not reveal whether such negligence of Mrs. Coleman was active or passive. It is clear that if the negligence of the tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity against a party whose conduct is alleged to be the proximate cause of the injury. *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 713 (2) (175 SE2d 116) (1970).

Colt contends that the evidence in this case demands a determination that Mrs. Coleman's negligence was "active" as a matter of law. We do not agree. "Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication. [Cit.]" *Russell v. Goza,* 143 Ga. App. 455, 456 (1) (238 SE2d 583) (1977). It is true that, as an exception to the above stated rule, a court can find as a matter of law that *no* actionable negligence exists on the basis of the facts of a particular case. *Raven v. S. S. Kresge Co.,* 140 Ga. App. 799, 800 (232 SE2d 122) (1976); *Tanner v. Ayer,* 150 Ga. App. 709 (258 SE2d 545) (1979); *Rhodes v. B. C. Moore & Sons, Inc.,* 153 Ga. App. 106 (1980). However, the only circumstances under which particular acts or actions can be held *to be* negligence as a matter of law is when the conduct has been specified by statute as constituting negligence, i.e., negligence per se. *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294) (1969). *Garrett* is also

authority for the rule that the determination of the degree of negligence, i.e., ordinary or gross, must be made by the jury. *Garrett v. Royal Bros. Co.,* supra, 535. We cannot perceive of any reason why adjudication of conduct as either active or passive should not also be left to the jury. "Whether negligence is active or passive is, generally speaking, a question of fact for determination by the trier of facts." 65A CJS 815, Negligence, § 252.

Accordingly, the trial court correctly denied Mrs. Coleman's motion for directed verdict but erred in directing a verdict in favor of Colt so as to withdraw from the jury the questions presented by Mrs. Coleman's cross-claim.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED MARCH 20, 1980 —
REHEARING DENIED MARCH 31, 1980.

*Edward L. Savell,* for appellant.
*Roy E. Barnes, Daryll Love, Anthony L. Cochran,* for appellees.