36330. COLT INDUSTRIES OPERATING CORPORATION v. COLEMAN.

BOWLES, Justice.

Mrs. Clark brought suit against Doris Coleman and Colt Industries Operating Corporation for injuries sustained by her when a .25 caliber pistol manufactured by Colt fell from Coleman's purse, discharged and struck Mrs. Clark. Coleman cross-claimed against Colt alleging that the pistol was defectively designed in that it would fire even when it was in an uncocked position and that the instructions furnished with the pistol failed to contain proper safety instructions. Coleman sought indemnification from Colt for any damages found against her.

The main action and the cross claim were bifurcated at trial. The trial court directed a verdict in favor of Colt as to the safety instructions issued because the evidence showed that Mrs. Coleman never read the instructions. The jury awarded Mrs. Clark $225,000 and her husband $5,000 against both Mrs. Coleman and Colt. After the jury verdict, Coleman and Colt each moved for a directed verdict

on the cross claim. The trial court granted Colt's motion for a directed verdict.

The Court of Appeals reversed the granting of the directed verdict in favor of Colt concluding that while the jury verdict against Coleman indicated that she was negligent toward Mrs. Clark, the verdict could not determine whether Coleman's negligence was active or passive. Only if Coleman were passively negligent could she seek indemnification from her joint tortfeasor. The Court of Appeals held that the trial court should have left the question of whether Coleman's negligence was active or passive for determination by the jury.

We reverse and reinstate the directed verdict in favor of Colt. "If the separate and independent acts of negligence of two or more persons or corporations combine naturally and directly to produce a single indivisible injury other than a nuisance, and if a rational basis does not exist for an apportionment of the resulting damages among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages." *Mitchell v. Gilson,* 233 Ga. 453, 454 (211 SE2d 744) (1975). In this case, although Coleman was found to be negligent, Colt was held liable under strict liability. In *Ford Motor Co. v. Carter,* 239 Ga. 657 (238 SE2d 361) (1977), this court held that strict liability imposed under Code Ann. § 105-106 is not based on negligence, and that the statute should be strictly construed because it is in derogation of the common law. However, the language of § 105-106 states that the manufacturer "shall be liable in tort." It is clear that the theoretical basis of the claim is in tort. *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975). If the manufacturer breaches his duty of care and the requirements of *Mitchell v. Gilson,* supra, are otherwise met, then the manufacturer who is guilty in strict liability and the other party who is found to be negligent are deemed joint tortfeasors. See Higginbotham v. Ford Motor Co., 540 F2d 672 (5th Cir. 1976).

Under Georgia law, if the negligence of the tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity against a party whose conduct is alleged to be the proximate cause of the injury. *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 713 (2) (175 SE2d 116) (1970). In this case Coleman's negligence was two-fold: (1) in not reading the instructions in the safety manual that comes with the purchase of a new gun, and (2) in taking a loaded pistol into a public restaurant and then dropping it. The proximate cause of the accident was the combination of the defective gun, disregarding the safety instructions, and taking the loaded pistol into the restaurant and dropping it. If not for the negligent conduct by Coleman the accident would have never occurred.

The facts of this case are not in dispute. The jury found that Coleman was negligent and jointly liable with Colt for Mrs. Clark's injuries. "Questions of negligence are ordinarily peculiarly within the jury's province unless the evidence is so plain, palpable and undisputable that a court can conclude that the facts show negligence as a matter of law." *Garrett v. Royal Bros. Co.,* 225 Ga. 533, 535 (170 SE2d 294) (1969). The facts in this case are so plain, palpable and undisputable that the trial court could conclude as a matter of law that Coleman's established negligence was active rather than passive.

Accordingly, the decision of the Court of Appeals is reversed and the trial court's grant of a directed verdict to Colt on the issue of degree of negligence and indemnification are reinstated.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1980 — DECIDED OCTOBER 2, 1980 — REHEARING DENIED OCTOBER 22, 1980.

*Daryll Love, Anthony L. Cochran,* for appellant.
*Edward L. Savell,* for appellee.