66324. JOVA/DANIELS/BUSBY, INC. v. B & W MECHANICAL CONTRACTORS, INC.

McMURRAY, Presiding Judge.

This is another appeal arising out of the claimed defective plumbing in the construction of a housing project for the elderly located in Atlanta, Georgia, otherwise known as the Piedmont Road Housing Project for the Elderly. In *Barge & Co. v. Employers Mut. Liab. Ins. Co.,* 163 Ga. App. 573 (295 SE2d 851), many of the facts with reference to this housing project were discussed, although that case involved insurance in a declaratory judgment proceeding. We refer to that case on account of the facts set forth as to the contentions of the parties. The Housing Authority of the City of Atlanta sued the architectural concern which had contracted with it for certain professional services and after it was discovered there were certain defective conditions in the horizontal plumbing drain lines resulting from the plumbing installation work at the project. The action was brought in two counts contending that the housing authority had relied on the contract with the architect in the purchase and acceptance of the project after completion. In Count 2 it sought damages resulting from the negligence of the architect in failing to properly inspect the plumbing installation work, the failure of which

was a direct and contributing cause of all damages suffered by the housing authority.

After answering the complaint the defendant architect brought a third party action against Barge & Company, Inc. (Barge) (not involved in this appeal) as general contractor, and against Barge's sub-contractor that installed the plumbing (B & W Mechanical Contractors, Inc.) and the engineering firm on which defendant architect had relied for inspections of the plumbing work (not involved in this appeal). The third party complaint was in three counts, the first being against Barge and B & W Mechanical Contractors, Inc. (B & W), jointly and severally, seeking indemnity and/or contribution with respect to any and all damages which might be awarded against the defendant architect contending therein that the "liability of this defendant could only arise and result from alleged passive negligence of this defendant in failing to discover active negligence of [the third party defendants] in supervising and installing the plumbing work on the project," contending it was entitled to full indemnity. In Count 2 it sought judgment for full indemnity against Barge based upon the general conditions applicable to the work in connection with the contract whereby Barge as contractor assumed an obligation "to save the Owner and Architect harmless and to indemnify the Owner and Architect from every expense, liability or payment . . . arising out of or suffered through any act or omission of the contractor or any subcontractor . . ." As to Count 3, we will not set it forth here as it was against the other third party defendant (engineering firm) which had assumed responsibility for the performance of the services with reference to inspection of the plumbing.

After substantial discovery had been completed, B & W moved for summary judgment in its favor as to the defendant architect's claims for contribution and indemnity arguing that the absence of a direct contractual relationship between it and the architect barred the architect's claims for contribution and indemnity. The trial court granted this motion in full, holding that there existed no duty of B & W which would provide a basis for the architect's claims for contribution and indemnity, that is, that any liability of B & W runs only to the Housing Authority of the City of Atlanta or other intermediary contractors or others in the contractual chain and the third party claim of the architectural firm is not appropriate, citing *Smith, Kline & French Laboratories v. Just,* 126 Ga. App. 643, 649 (191 SE2d 632), and the architectural firm could not tender a substitute defendant, citing *Brabham v. Brown,* 147 Ga. App. 766 (250 SE2d 495). The defendant architect (third party plaintiff) appeals. *Held:*

With reference to the above named and stated cases cited in the trial court's order they do, indeed, support the trial court with reference to the general rule which forbids use of the third party practice procedure to provide a substitute defendant in the absence of indemnity, subrogation, contribution, warranty and the like. Nevertheless, under Georgia law "if the negligence of the tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity against a party whose conduct is alleged to be the proximate cause of the injury. *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 713 (2) (175 SE2d 116)." *Colt Industries Operating Corp. v. Coleman,* 246 Ga. 559, 560 (272 SE2d 251), reversing in part *Coleman v. Clark,* 154 Ga. App. 188 (267 SE2d 824). In the *Peacock* case cited by the Supreme Court (although the Superior Court found in the *Colt* case that the facts "are so plain, palpable and undisputable that the trial court could conclude as a matter of law that Coleman's established negligence was active rather than passive" at page 561) the Court of Appeals discussed in detail the exception to the general rule "that an action over lies where the liability of the tortfeasor compelled to pay damages is passive, consisting only of negative acts or omissions, . . . in failing in [its] duty to inspect or discover a defective condition, and where the proximate cause of the injury, with respect to another tortfeasor, is active, consisting of positive acts of negligence." *Peacock Constr. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 713, supra, and cases cited therein. Questions of negligence are ordinarily peculiarly within the jury's province unless evidence is so plain, palpable and undisputable that a court can conclude that the facts show negligence as a matter of law. See *Garrett v. Royal Bros. Co.,* 225 Ga. 533, 535 (170 SE2d 294); Dixon v. Dixon, 103 Ga. App. 166 (118 SE2d 713). Thus applying the exception to the general rule as set forth and discussed above it is our view that the case sub judice is controlled by *Peacock Constr. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 713, supra, approved in *Colt Industries Operating Corp. v. Coleman,* 246 Ga. 559, supra, although this court in *Coleman v. Clark,* 154 Ga. App. 188, supra, was reversed by the last case cited. Nevertheless, we believe the rule set forth at page 190 in *Coleman v. Clark,* 154 Ga. App. 188, supra, as to whether negligence is active or passive " 'is, generally speaking, a question of fact for determination by the trier of facts,' " citing 65A CJS 815, Negligence, § 252. We do not find that the defendant architect's negligence here could be established as a matter of law to be "active rather than passive" as was the finding in *Colt Industries Operating Corp. v. Coleman,* 246 Ga. 559, 561, supra. The trial court erred in granting summary judgment to the third party defendant B & W Mechanical Contractors, Inc.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 25, 1983 —

*David A. Handley, James C. Huckaby, Jr.,* for appellant.
*Lenwood A. Jackson, Willie E. Robinson, Alfred J. Turk III, H. Andrew Owen, Jr., John W. Greenfield, Moreton Rolleston, Jr.,* for appellee.