**Jerald L. WALKER and Rosemarie Walker, Plaintiffs,**

v.

**Charles L. MANLEY, Defendant and Third-Party Plaintiff,**

v.

**Stephen P. GRINER, Third-Party Defendant.**

**Civ. A. No. 85–123–ATH.**

United States District Court, M.D. Georgia, Athens Division.

June 16, 1986.

James S. Hubbard, Anniston, Ala., William T. Gerard, Athens, Ga., for plaintiffs.

Gary B. Blasingame, Jim Hudson, Athens, Ga., Weymond H. Forrester, Gainesville, Ga., for defendant and third-party plaintiff.

## ORDER

FITZPATRICK, District Judge.

The court is presented with motions by the third-party defendant, Stephen P. Griner, for summary judgment and to dismiss the third-party complaint filed by Charles L. Manley, defendant and third-party plaintiff. The undisputed facts relevant to the motions are straightforward.

On May 2, 1985, plaintiff Jerald L. Walker was a passenger in an automobile driven by Griner. They were in a company-owned automobile and on the business of their employer. A collision occurred between that vehicle and a vehicle operated by Manley, which collision gave rise to this action.

Jerald Walker sustained injuries as a result of this collision, for which he has received workers' compensation benefits from his employer. Rosemarie Walker's claim is for loss of consortium, and therefore is derivative.

The plaintiffs filed their negligence action against Manley in this court, with jurisdiction based upon diversity of citizenship. 28 U.S.C.A. § 1332(a) (West 1966). Defendant Manley filed an answer denying liability, and, within the time allowed under Rule 14 of the Federal Rules of Civil Procedure, filed a third-party complaint against Griner. Manley alleged that any injuries sustained by plaintiffs were the result of Griner's negligence, and, while continuing to deny liability, count one of the third-party complaint seeks indemnity and contribution from Griner, in the event Manley is found liable to plaintiffs. Manley seeks to recover from Griner for his own personal injuries and damages in the second count. With the case in this posture, the third-party defendant seeks summary judgment as to count one and seeks to dismiss the independent claim in count two.

The first question raised is whether under Georgia law the third-party defendant, Griner, may be liable to defendant/third-party plaintiff, Manley, under either a theory of indemnification or contribution. Assuming, *arguendo*, that this third-party complaint otherwise sets forth a valid claim for contribution from a joint tortfeasor, the question becomes whether plaintiff Jerald Walker's co-employee, Griner, can be said to be a joint tortfeasor with Manley.

Since 1974, Georgia's workers' compensation law has precluded suits against fellow employees. "... [N]o employee shall be deprived of any right to bring an action against any third-party tort-feasor, *other than an employee of the same employer* ...." O.C.G.A. § 34–9–11 (Michie 1982) (emphasis added). There is no contention that the plaintiffs herein could have brought a direct action against the third-party defendant, Griner. Although the Georgia courts have not ruled on this precise issue, this court concludes that a Georgia court would hold that a fellow employee cannot be a joint tortfeasor with a third person as to his co-employee, where, as here, both are under the workers' compensation act.

In *Williams Brothers Lumber Co. v. Meisel*, 85 Ga.App. 72, 68 S.E.2d 384, 388 (1951), the Georgia Court of Appeals held that an employer which has paid workers' compensation benefits cannot be considered a joint tortfeasor with the defendant in an action by an injured employee. Defendant/third-party plaintiff Manley makes a compelling argument that this rule should not be extended to protect a co-employee, who has given no quid pro quo for tort immunity, at the expense of a third person defendant such as he. Although this court recognizes, as others have, the inequities of forcing a defendant to pay all the damages for injuries not caused by his negligence

alone, *see Hudson v. Union Carbide Corp.*, 620 F.Supp. 558, 564 (N.D.Ga.1985), these inequities must be resolved by the legislature and/or the Georgia courts.

■ In the absence of the workers' compensation bar, this third-party complaint still fails. Georgia law generally forbids the use of third-party practice to provide a substitute defendant in the absence of indemnity, subrogation, contribution or warranty. *Jova/Daniels/Busby, Inc., v. B & W Mechanical Contractors, Inc.*, 167 Ga. App. 551, 553, 307 S.E.2d 97, 98 (1983). "Nevertheless, under Georgia law, 'if the negligence of the tortfeasor is passive as opposed to active, a tortfeasor can seek indemnity against a party whose conduct is alleged to be the proximate cause of the injury.'" *Id.* (citations omitted).

The defendant in *Jova/Daniels/Busby* was an architect seeking contribution and/or indemnity from a mechanical contractor, by use of a third-party complaint. The trial court granted the third-party defendant's motion for summary judgment, but the court of appeals reversed. The architect had alleged that his liability could arise solely from his *passive* negligence in failing to discover the *active* negligence of the contractor in supervising and installing plumbing work in the construction of a housing project in Atlanta. The appellate court stated that it could not be established, as a matter of law, that the negligence of the architect was active rather than passive, so a jury question existed on that issue.

Compare *Colt Industries Operating Corp. v. Coleman*, 246 Ga. 559, 272 S.E.2d 251 (1980). The main suit was against one Coleman, the purchaser of a pistol, and Colt Industries, its manufacturer, for injuries sustained when the pistol fell from Coleman's purse and discharged, striking the plaintiff. Coleman cross-claimed against Colt Industries for indemnification, alleging that the pistol was defectively designed and that the instructions did not contain proper safety instructions. After a jury verdict against both defendants, the trial court granted Colt Industries' motion for a directed verdict on Coleman's cross-claim. The court of appeals reversed, holding that the question of whether Coleman's negligence was active or passive should have been left to the jury. The Georgia Supreme Court reversed and reinstated the directed verdict in favor of Colt Industries. "The facts in this case are so plain, palpable and undisputable that the trial court could conclude as a matter of law that Coleman's established negligence was active rather than passive." 246 Ga. at 561, 272 S.E.2d at 253. Coleman had not read the instructions in the safety manual that came with the gun, and she took a loaded pistol into a public restaurant and dropped it.

In the instant case it is undisputed that Manley and Griner were both operating their respective vehicles on a public road on May 2, 1985, when the collision in question occurred. It is undisputed that they were traveling in opposite directions; this was not a rear-end collision. It simply cannot be said that either of the drivers was "passive" in this case, unlike the architect in *Jova/Daniels/Busby* who arguably only failed to discover someone else's negligence. This is not the unusual case where the defendant's alleged negligence consists only of negative acts or omissions. If a jury finds defendant Manley negligent, such negligence can only be active. If a jury agrees that Griner's alleged negligence was the sole proximate cause of the collision, as Manley contends, then there would be no need for contribution or indemnity.

Based upon the foregoing, third-party defendant Griner is entitled to judgment as a matter of law as to count one of the third-party complaint, and his motion for summary judgment is hereby GRANTED.

■ As to count two of the third-party complaint, the court hereby grants the motion to dismiss same, without prejudice to any independent claim for damages defendant Manley may have against Griner. Without a valid third-party claim under Rule 14 of the Federal Rules of Civil Procedure, defendant Manley has no claim with

which to utilize the Rule 18(a), Fed.R. Civ.P., joinder provisions.