[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Fiorello is an employee of ABB-CE Services, Inc. (hereinafter "ABB-CE"). The plaintiff Fiorello filed a complaint claiming injuries sustained on or about October 16, 1993 when an elevator, constructed by the defendant Universal Builder, jammed and caused him injury. The defendant Universal Builder erected the elevator on the Bridgeport premises of co-defendant United Illuminating (hereinafter "UI") under a contract with UI.
On August 21, 1995 ABB-CE moved to intervene pursuant to General Statutes § 31-293 and claimed reimbursement for monies paid to its injured employee, Fiorello, under the Worker's Compensation Act. On December 24, 1996, the defendant UI filed a counterclaim against ABB-CE claiming that UI was due indemnification from ABB-CE as a result of a separate contractual agreement between the two parties. In its counterclaim, the third-party plaintiff UI alleged that Fiorello's injuries were caused by his own negligence, thereby triggering the indemnification clause in the separate contract.
The intervening plaintiff/third-party defendant, ABB-CE, filed a motion to strike UI's counterclaim on June 17, 1997. ABB-CE moved to strike on the ground that: 1) UI's counterclaim fails to plead circumstances that would make ABB-CE liable for indemnification and 2) indemnification is improper because the negligence of an injured employee cannot be imputed to the employer. UI filed an objection to the motion to strike and supporting memorandum on July 16, 1997. Oral argument was held at short calendar on July 28, 1997.
"The purpose of a motion to strike is to contest the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In ruling on CT Page 13311 a motion to strike, the court is limited to the facts alleged in the complaint. Id. The court is to take the facts alleged in the counterclaim and construe the counterclaim in a manner most favorable to sustaining its legal sufficiency. Fairfield LeaseCorporation v. Romano's Auto Service, 4 Conn. App. 495, 497,495 A.2d 286 (1985).
The intervening plaintiff/third-party defendant, ABB-CE, offers two arguments in support of its motion to strike. First, ABB-CE states that UI's counterclaim is legally insufficient as there is no possible scenario which will trigger the indemnification clause of the contract between ABB-CE and UI. Moreover, ABB-CE argues that the indemnification clause between the two parties does not clearly provide for ABB-CE to indemnify UI for UI's own negligence. Secondly, ABB-CE argues that the negligence of an injured employee may not be imputed to the employer so as to render the employer liable in indemnity for the injuries sustained by the employee.
The defendant/third-party plaintiff UI objects to both these arguments and maintains that the counterclaim is legally sufficient. UI objects to ABB-CE's first ground for the motion to strike by relying on the language of the contract entitling UI to indemnification. UI's objection to the second ground for the motion to strike is based on the contractual nature of the legally binding agreement between UI and ABB-CE. As such, UI claims that ABB-CE's second argument for its motion to strike is irrelevant and ignores the actual sufficiency of UI's counterclaim.
The Connecticut Worker's Compensation Statute, General Statutes § 31-284a, prohibits a defendant from seeking indemnification from the plaintiff's employer for the act of the employee. See Sullivan v. State, 189 Conn. 550, 557 457 A.2d 304
(1983) employers immune from liability for personal injuries sustained in the course of employment); Peterson v. Sabini, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327596 (August 23, 1996, Hauser, J.) (exclusivity of § 31-284a). An exception to the general rule, however, exists where there is an independent legal duty between the employer and the third party. In such circumstances, the third party may seek indemnification from the employer. Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782 n. 1, 610 A.2d 1277 (1992);Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). CT Page 13312
The underlying indemnification agreement between ABB-CE and UI arises from a construction contract between the two parties. In the context of construction contracts, there is an additional prohibition as to indemnification. General Statutes §52-572k(a) invalidates an agreement which provides for indemnification for the indemnitee's sole negligence. Robinson v.Carpenter Technology Corp. , judicial district of Fairfield at Bridgeport, Docket No. 280990 (May 19, 1992, Spear, J.). See alsoDunn v. F. J. Construction Corp. , Superior Court, judicial district of New London at New London, Docket No. 512464 (January 9, 1991, Axelrod, J).
In accordance with these statutes, the third-party plaintiff, UI, alleges an independent legal duty arising out of a contractual indemnification agreement between UI and ABB-CE. The pleadings do not seek any indemnification for acts for which UI might be held solely negligent.
The indemnification agreement between the employer and the indemnitee must explicitly state that the employer agrees to indemnify the non-employer for the employer's negligence. SeeO'Rourke v. Trusthouse Forte Food Services, judicial district of Stamford/Norwalk at Stamford, Docket No. 118880 (January 11, 1995, Lewis, J) (13 CONN. L. RPTR. 315. Echevarria v. Trinity College, Superior Court, judicial district of Hartford at Hartford, Docket No. 396065, (February 3, 1994, Corradino, J.) (11 CONN. L. RPTR. 45). The third-party defendant ABB-CE challenges the language of the agreement in question and claims that it lacks the required language.
"Where there is definitive contract language, the determination of what the parties intended by their contractual agreement is a question of law." Bank of Boston v. Schlesinger,220 Conn. 152, 158, 595 A.2d 872 (1991). An indemnity agreement "will be construed to cover such losses which appear to have been intended by the parties." Leonard Concrete Pipe Co. v. C.W.Blakeslee Sons, Inc., 178 Conn. 594, 599, 424 A.2d 277 (1979). "The question is not what intention existed in the minds of the parties, but what intention is expressed in the language used." (Citations omitted.) Barnard v. Barnard, 214 Conn. 99, 110,570 A.2d 690 (1990). Ambiguities in the document are to be construed against the drafter. See Hansen v. Ohio Casualty Ins. Co.,239 Conn. 537, 544, 687 A.2d 1272 (1996). A "court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply CT Page 13313 because lawyers or laymen contend for different reasons." (Citations omitted; internal quotation marks omitted). Barnard v.Barnard, supra, 214 Conn. 110.
UI's counterclaim is based on a clearly-worded indemnity agreement. In relevant part, the indemnity agreement reads: "[T]he Contractor [ABB-CE] . . . agrees . . . to indemnify and save UI harmless from liability and costs and expenses resulting from . . . all such accidents, injuries and damages that may happen or occur on the jobsite and are caused by the negligent acts or omissions of the contractor, its employees, agents, and subcontractors while working on the jobsite . . . ." (Defendant UI's memorandum in support of its objection to motion to strike, Attachment A.) The facts alleged, construed in a manner most favorable to the non-moving party, sufficiently state a cause of action. Based on the language of the indemnification agreement drafted by ABB-CE, ABB-CE clearly intended to indemnify UI.
ABB-CE also argues that, whatever the outcome of the underlying suit may eventually be, the indemnification clause will not be triggered and thus the counterclaim is legally insufficient. ABB-CE asserts that "if it is found that the plaintiff's own negligence caused his injuries, and that UI was not negligent in full or in part for the plaintiff's injuries, then plaintiff will not obtain a judgment against UI and the indemnity agreement is moot." See O'Rourke v. Trusthouse ForteFood Services, supra, Superior Court, Docket No. 118880;Echevarria v. Trinity College, supra, Superior Court, Docket No. 396065.
The indemnification clause need not become moot should the plaintiff lose his underlying case. ABB-CE's argument does not take into consideration any costs UI might have incurred in obtaining such a judgment. The indemnification agreement states that "[t]he contractor . . . agrees to . . . save UI harmless from liability and costs and expenses resulting therefrom. . . ." (Emphasis added) (UI's memorandum in support of its objection to the motion to strike, attachment A.) "[I]t is reasonable to interpret the term `costs' in the agreement to include the costs of successfully defending a third-party action . . . ." Leonard Concrete Pipe Co. v. C.W. Blakeslee Sons Inc., supra, 178 Conn. 600.
The indemnification agreement may be triggered. While UI may not seek indemnification for its sole negligence, it may seek CT Page 13314 indemnification otherwise. See Burkle v. Car Truck Leasing Co.,1 Conn. App. 54, 57, 467 A.2d 1255 (1983) (discussing an indemnity agreement in the context of a lease); Dunn v. F. J.Construction Corp. , supra, Superior Court, Docket No. 263886 (indemnity agreements that meet § 52-572k encourage contractors to be concerned with safety by piercing the shield of indemnity); see also Eastern Airlines. Inc. v. Insurance Co. ofNorth America, 758 F.2d 132, 134-35 (3rd Cir. 1985).
Thus, ABB-CE's first argument in support of its motion to strike must fail. The facts alleged, construed in the manner most favorable to the pleader, sufficiently state a cause of action based on indemnification for the negligence of the plaintiff Fiorello.[1]
ABB-CE's alternative ground in support for its motion to strike is that the "negligence of an injured employee may not be imputed to the employer, so as to render the employer liable in indemnity for the injuries sustained by the employee." Both parties agree that this is an issue of first impression for the Connecticut courts. To support their respective arguments, both parties offer numerous decisions from foreign jurisdictions.
ABB-CE's argument relies on the holding of Drewery v. DaspitBrothers Marine Divers, 317 F.2d 425 (5th Cir. 1963) and its progeny. See Troxler v. Owens-Illinois, Inc., 717 F.2d 530 (11th Cir. 1983); Alba v. Pelican Marine Divers, Inc., 391 F. Sup. 954
(District Court, 1975); Jackson v. Transworld Marine Corp. ,296 F. Sup. 1396 (S.D. Ga. 1969); Binswanger Glass Co., Inc. v. BeerConstruction Co., 234 S.E.2d 363 (Ga.App. 1977); Georgia KraftCo. v. Lee, 231 S.E.2d 132 (Ga.App. 1976); Wicklund v. Gus J.Bouten Construction Co., 674 P.2d 184 (Wash.App. 1983). The underlying premise in Drewery was that imputed negligence is a tort against a third-person or master. On this basis, Drewery
allowed an indemnity to occur in cases where the negligence of an employee caused injury to a third-party, but not in cases where the negligent employee was injured himself. Accordingly, "the negligence causing injury to one's self will not suffice [to trigger imputed negligence], for a tort rests on the breach of a legal duty owed another. To take this step would be adding a legal fiction to another legal fiction." Drewery v. Daspit Bros.Marine Divers, supra, 317 F.2d 428.
The cases cited by UI attack Drewery's implicit distinction and the logic behind it. Eastern Airlines, Inc. v. Insurance Co.CT Page 13315of North America, supra, 758 F.2d 132; Nutt v. Loomis HydraulicTesting Co., 552 F.2d 1126 (5th Cir. 1977) (Limiting the applicability of Drewery); Arista Cia DeVapores SA v. HowardTerminal, 372 F.2d 152 (9th Cir. 1967); Shenker v. AmericanStevedores, 322 F.2d 622, 629 (2nd Cir. 1963); Paquin v.Harnischfeger Corp. , 317 N.W.2d 279 (Mich.App. 1982).
Foremost, the distinction made by Drewery between a third-party injured through the employee's negligence and an injury to an employee caused by his own negligence is challenged. The cases that do not follow Drewery question this difference from the standpoint of the parties making the agreement themselves. The parties making the agreement focus on a duty owed by the indemnitor to indemnitee, not other duties that arise out of the employer-employee relationship. The applicable issue is the negligent act, rather than what conduct should be technically labeled a non-fictional tort. Eastern Airlines, Inc.v. Insurance Co. of North America, supra, 758 F.2d 132.
The cases that reject Drewery also point out that indemnification lies primarily in contract and not in tort. Thus, it should be the language of the contract, not the specific injury involved, that controls any possible indemnification. "The language of the contract neither limits to a particular type of employee upon which indemnification may be based nor excludes the negligence of the particular employee as a factor which may make the indemnification provision operative." Shenker v. AmericanStevedores, supra, 322 F.2d 629.
Connecticut courts have not had the chance to address these conflicting views. Based on Connecticut precedent involving indemnity clauses, this court follows the lead of those cases which explicitly reject Drewery and its progeny. Connecticut courts have interpreted indemnity agreements from a contractual standpoint. An indemnity agreement is to be construed like any other contract. Burr v. Lichtenheim, 190 Conn. 351, 358,460 A.2d 1290 (1983). Thus, an indemnity agreement will be construed to cover such losses as appear to have been intended by the parties.Peck v. McClure, 16 Conn. App. 651, 658, 548 A.2d 17 (1988).
Basic contract construction holds that the language used must be accorded its common, natural and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. Barnard v. Barnard, supra, 214 Conn. 110. The plain, clear language of the contract must be accorded its logical CT Page 13316 effect. Four D's Inc. v. Mattera, 25 Conn. App. 308. 313,594 A.2d 484 (1991). Likewise, an indemnity agreement is to be given effect according to its terms. See Sivilla v. Philips MedicalSystems of North America, Inc., 46 Conn. App. 699, 710, (1997).
The contract which forms the basis of UI's counterclaim states in relevant part; that: "the contractor [ABB-CE] . . . agrees . . . to indemnify and save UI harmless from liability and costs and expenses resulting from . . . all such accidents, injuries and damages that may happen or occur on the jobsite and are caused by the negligent acts or omissions of the contractor, its employees, agents . . . ." (UI's memorandum in support of its motion to strike, attachment A.)
The UI contract with ABB-CE does not limit indemnity to negligent acts that injure only third-party persons. Rather, the agreement calls for indemnification of "all" negligent acts. "There cannot be any broader classification than the word `all' . . . . In its ordinary and natural meanings, the word `all' leaves no room for exceptions." Burkle v. Car TruckLeasing Co., supra, 1 Conn. App. 56-57.
Notwithstanding the sole negligence of the indemnitee exception stated in General Statutes § 52-527k(a), the "plain meaning of the words employed in the contract fairly includes a promise to indemnify even the negligent indemnitee." Id. "Absent some cogent reason such as mistake or unconscionability, there is no reason why a court should not enforce the bargain that the parties have made." Mack Financial Corporation v. Crossley,209 Conn. 163, 168, 550 A.2d 303 (1988).
The second ground for the motion to strike must fail as well. The facts alleged, construed in a manner most favorable to the pleader, support a proper and sufficient cause of action for indemnification based on the independent contract between the involved parties.
The defendant/third-party plaintiff UI has alleged sufficient facts to state a claim for indemnification. Accordingly, the plaintiff/third-party defendant ABB-CE's motion to strike is denied.
ZOARSKI, J. CT Page 13317