A99A2338. WILSON et al. v. ANDERSON-COLUMBIA COMPANY, INC.
(529 SE2d 402)

ANDREWS, Presiding Judge.

Bruce and Robert Wilson[1] sued Anderson-Columbia Company, Inc.[2] claiming its negligence while performing road construction on Interstate 75 caused a traffic backup which was a proximate cause of an automobile accident in which their mother was killed when her car was struck from the rear by a tractor-trailer. Prior to filing the suit, the Wilsons settled their claims against William Yaun (the truck driver), Taylor Transport (Yaun's employer), and Transportation Casualty Insurance Company (their insurer). In consideration of the payment of $345,000, the Wilsons entered into a release and indemnification agreement with all three of these parties releasing them from further liability arising from the accident and agreeing to indemnify them and hold them harmless as to any claim subsequently brought against them by others asserting liability on the basis of contribution, subrogation, or indemnity. The agreement specifically recognized the possibility that the parties may be involved as third-party defendants in future litigation brought by the Wilsons against other joint tortfeasors allegedly responsible for the accident. The agreement stated that its intent was

> that notwithstanding any such future claims for contribution or indemnity that [the parties] will not be liable for any amounts arising out of the claims [related to the accident] in

---

[1] The Wilsons acted individually and as co-administrators of the estate of their mother, Marjorie Wilson Vance.
[2] The Wilsons also sued the Georgia Department of Transportation claiming its negligence contributed to the accident.

excess of the $345,000.00 which is being paid pursuant to this Release and Indemnification Agreement.

Anderson-Columbia answered the Wilsons' suit and filed a third-party complaint against Yaun, Taylor Transport, and Transportation Casualty Insurance Company alleging that these third-party defendants were liable to it on the basis of indemnification. Yaun failed to answer, and on July 30, 1998, the trial court entered a default judgment against Yaun on the third-party complaint, concluding that the allegations of the third-party complaint were established as to liability but not as to the amount of damages.

Citing the combined effects of the default judgment against Yaun and the indemnification agreement between the Wilsons and Yaun, Anderson-Columbia moved for summary judgment on the suit filed by the Wilsons. The basis for the motion was that, under the default judgment entered on the third-party complaint, Yaun must pay any damages awarded to the Wilsons in their suit against Anderson-Columbia. Furthermore, under the indemnification agreement between the Wilsons and Yaun, the Wilsons are not entitled to recover any amount of damages awarded from Yaun. Therefore, a jury trial to determine the amount of damages Yaun would be liable to pay is useless. The trial court agreed and on June 9, 1999, granted Anderson-Columbia's motion for summary judgment. The Wilsons appeal from the grant of summary judgment.

We agree with the trial court and affirm the grant of summary judgment. In bringing its third-party complaint against Yaun, Anderson-Columbia alleged that any negligence attributed to it was passive and that Yaun was guilty of active negligence that was the proximate cause of the accident. This was a proper basis for the assertion of a third-party complaint against Yaun seeking indemnity. *Joval Daniels/Busby, Inc. v. B & W Mechanical Contractors*, 167 Ga. App. 551, 553 (307 SE2d 97) (1983). When Yaun failed to file an answer, the trial court properly entered a default judgment on the third-party complaint in favor of Anderson-Columbia, which established the allegations of the complaint and Yaun's duty to indemnify Anderson-Columbia for any damages awarded against it in the Wilsons' suit. *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990). The indemnification agreement between the Wilsons and Yaun makes clear that the Wilsons must indemnify Yaun for any damages Yaun must pay as a result of a jury verdict against Anderson-Columbia. Since under these circumstances the Wilsons would not be entitled to recover any damages which might be awarded, the trial court correctly granted summary judgment in favor of Anderson-Columbia.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 7, 2000 — 

*Kresses, Benda, Lenner & Schatten, Sid M. Kresses, Kenneth I. M. Behrman,* for appellants.

*Langdale, Vallotton, Linahan, Threlkeld & Wetherington, William P. Langdale III,* for appellee.